UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |
| Randall L. Seaver, Trustee, | Adv. Case No.: 09-5031 |
| Plaintiff, | |
| vs. | **ANSWER** |
| Sydney Holdings of Crosslake LLC, Jacob Properties of Minnesota LLC, and RiverWood Bank, f/k/a First Federal Savings Bank, | |
| Defendants. | |

Defendant RiverWood Bank f/k/a First Federal Savings Bank (hereinafter "RiverWood"), for its answer to the complaint of the Plaintiff, states and alleges as follows:

1. That Defendant RiverWood denies each and every allegation in said Adversary Complaint except as hereinafter stated, qualified, or admitted.

2. That Defendant RiverWood admits the allegations in paragraphs 1, 2, 11, and 12, of Plaintiff's Adversary Complaint.

3. That, with respect to paragraph 5 of Plaintiff's Adversary Complaint, Defendant RiverWood admits that it extended credit to Jacob Holdings of Edgewood, LLC (hereinafter "JHE") on or about August 31, 2007, but denies that JHE is an entity controlled by the Debtor and puts Plaintiff to its strict proof thereof.

1

4. That with respect to paragraph 10 of Plaintiff's Adversary Complaint, Defendant RiverWood admits Sydney Holdings of Crosslake, LLC, (hereinafter "Sydney") is the owner of record of the real estate but is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the balance of the allegation in paragraph 10, so denies same and puts Plaintiff to its strict proof thereof.

5. That, as to paragraph 13 of Plaintiff's Adversary Complaint, Defendant RiverWood admits the first sentence of said paragraph but denies the second sentence.

6. That as to paragraph 16, Defendant RiverWood is without sufficient knowledge or information to form a belief as to whether said allegations are true, complete and accurate and, therefore, denies the same and puts Plaintiff to its strict proof thereof.

## AFFIRMATIVE DEFENSES

7. Defendant RiverWood asserts the following affirmative defenses to the allegations contained in Plaintiff's Adversary Complaint and reserves the right to assert any additional defenses that further investigation or discovery may warrant.

8. Defendant RiverWood realleges and incorporates by reference the averments set forth above as though fully restated herein.

9. Defendant RiverWood affirmatively alleges that the alleged transfer is authorized by Minnesota Statutes Section 322B.693 and is not voidable under the Uniform Fraudulent Transfer Act (hereinafter "UFTA") Minn. Stat. 513.48(a) as to the alleged transfer at issue in Plaintiff's Adversary Complaint.

10. Defendant RiverWood affirmatively alleges that to the extent the alleged transfer at issue in Plaintiff's Complaint is voidable, Defendant RiverWood has a lien to the extent of the value given (Minn. Stat. 513.48(d)).

11. Defendant RiverWood reserves the right to assert additional affirmative defenses as discovery in this matter progresses.

WHEREFORE, Defendant RiverWood respectfully requests the Court to grant the following relief:

1. Dismiss Plaintiff's Adversary Complaint and claims therein against Defendant RiverWood with prejudice.

2. Enter a judgment on one or more of Defendant RiverWood's affirmative defenses.

3. For other and further relief as the Court deems just and equitable.

Dated: September 17, 2009

GAMMELLO, QUALLEY & PEARSON, PLLC

/e/Steven R. Qualley

_____
Thomas C. Pearson (#260071)
Steven R. Qualley (#240370)
14275 Golf Course Drive, Suite 200
Baxter, MN  56425
Phone 218/828-9511
Fax 218/824-8545

W:\TEXT\2009\021.009 Bkcy&Adv Clm\ADVERSARY PROCEEDINGS\ANSWER.doc

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>    Debtor. | BKY No.: 09-50779<br><br>Chapter 7 |
| Randall L. Seaver, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>Sydney Holdings of Crosslake LLC,<br>Jacob Properties of Minnesota LLC, and<br>RiverWood Bank, f/k/a First Federal Savings Bank,<br><br>    Defendants. | Adv. Case No.: 09-5031 |

## UNSWORN CERTIFICATE OF SERVICE

    I, Tasha L. Ellis, declare under penalty of perjury that on September 17, 2009, I mailed copies of the foregoing Answer by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Matthew R. Burton
Andrea M. Hauser (Attorneys for Trustee)
Leonard, O'Brien Spencer, Gale & Sayre
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402-1234
*Sent via mail and facsimile @ 612-332-2740*

Randall L. Seaver (Trustee)
12400 Portland Avenue S, Suite 132
Burnsville, MN  55337

Clinton E. Cutler (Attorney for Debtor)
Fredrickson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

United States Trustee Program
Region 12 Office
Habbo G. Fokkena, U.S. Trustee
225 Second Street SE, Suite 400
Cedar Rapids, IA 52401

United States Trustee Program
District of Minnesota
Robert B. Raschke, Assistant U.S. Trustee
300 South Fourth Street
Minneapolis, MN 55415

Sydney Holdings of Crosslake LLC
Attn: Officer of Managing Agent
500 Ford Road
Minneapolis, MN 55426

Jacob Properties of Minnesota LLC
Attn: Officer of Managing Agent
500 Ford Road
Minneapolis, MN 55426

Executed on: 9/17/09            Signed: _Tasha L Ellis_
                                Tasha L. Ellis
                                14275 Golf Course Drive, Suite 200
                                Baxter, MN 56425
                                (218) 828-9511

w:\text\2009\021.009 bkcy&adv clm\unsworn certificate of service.doc