UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                                    BKY No.:  09-50779

Dennis E. Hecker,                                                                         Chapter 7

           Debtor.
_____

Randall L. Seaver, Trustee,                                                               Adv. Case No.:  09-5031

           Plaintiff,

vs.

Sydney Holdings of Crosslake LLC, Jacob Properties
of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

           Defendants.
_____

**APPLICATION FOR DEFAULT JUDGMENT**
_____

TO:    SYDNEY HOLDINGS OF CROSSLAKE LLC AND JACOB PROPERTIES OF MINNESOTA LLC.

    1.    PLEASE TAKE NOTICE that the above Plaintiff, Randall L. Seaver, Trustee ("**Plaintiff**"), hereby applies to the Court for the entry of a default judgment.

    2.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Rule 5005 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Local Rule 1070-1.  This is a core proceeding.  The petition commencing this Chapter 7 case was filed on June 4, 2009 (the "**Petition Date**").  This case is now pending in this Court.

3. This Motion is an application for default judgment under Bankruptcy Rule 7055 and Local Rule of Bankruptcy Procedure 7055-1.

4. Each Jacob Holdings of Edgewood, LLC ("**JHE**") and Sydney Holdings of Crosslake LLC, ("**Sydney**") are owned by Jacob Properties of Minnesota LLC ("**JPM**"), which is substantially owned or controlled by the Debtor.

5. Neither JHE nor Sydney operate as a business, but simply nominally hold real estate for the benefit of the Debtor.

6. On information and belief, all of the costs of operation for JHE and Sydney were funded by the Debtor, not their own operations.

7. Debtor has testified the purpose of limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

8. Sydney is the owner of record of 34515 Happy Landing Road, Crosslake, MN 56442 (the "**Real Estate**") which is currently listed on the market for $495,000.00.

9. Sydney is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result substantial unfairness to the creditors of this estate.

10. At the first meeting of creditors held on July 15, 2009, Debtor testified, with respect to all of his limited liability companies that, "All of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside"

11. Debtor is simply dealing with his own property through Sydney as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a

fraudulent purpose, operate as a constructive fraud, or defeat strong equitable claims.

12. The mortgage constituting the transfer was not executed by an individual with property authority to effect the Transfer in that the signator, Erik Dove, lacked proper authority to bind Sydney.

13. Pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541, Trustee seeks declaratory relief that (a) the Debtor and Sydney are alter egos and that the assets of Sydney are thereby property of the Debtor; and (b) the corporate fiction of Sydney should be disregarded for purposes of this bankruptcy case.

14. The Trustee realizes that Defendant RiverWood Bank, f/k/a First Federal Savings Bank ("**RiverWood**") alleges that the Debtor and Sydney are not alter egos, so the Trustee requests that the entry of default against Sydney and JPM be without prejudice to RiverWood.

15. Defendant Sydney and JPM have filed no answer, defense, or response of any kind to the Adversary Complaint within the 30 day time period allowed by Rule of Bankruptcy Procedure 7012(a).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff, and against Defendants Sydney Holdings of Crosslake LLC and Jacob Properties of Minnesota LLC, on the grounds that they have failed to answer the Summons and Complaint served upon them in this case, and for such other relief as is just and equitable.

|                               | **LEONARD, O'BRIEN**<br>**SPENCER, GALE & SAYRE, LTD.** |
|---|---|
| Dated: November 5, 2009 | By    /e/ Matthew R. Burton<br>Matthew R. Burton, #210018<br>Attorneys for Plaintiff<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN 55402<br>Phone: (612) 332-1030 |

## VERIFICATION

The undersigned, Matthew R. Burton, attorney for the Trustee and Plaintiff under penalty of perjury, hereby states that he has read the foregoing Application and states that the information contained herein is true and correct to the best of his information and belief.

|   |   |
|---|---|
|   | /e/ Matthew R. Burton |
| Dated: November 5, 2009 | _____ |
|   | Matthew R. Burton |

410380

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

___

In re:                                                                           BKY No.: 09-50779

Dennis E. Hecker,                                                Chapter 7

              Debtor.

___

Randall L. Seaver, Trustee,                                      Adv. Case No.: 09-5031

              Plaintiff,

vs.

Sydney Holdings of Crosslake LLC, Jacob Properties
of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

              Defendants.

___

## AFFIDAVIT ON THE MERITS
___

STATE OF MINNESOTA   )
                               ) ss.
COUNTY OF DAKOTA     )

       The Trustee, Randall L. Seaver ("**Trustee**"), being first duly sworn on oath, deposes and states as follows:

       1.      I am the Plaintiff herein and the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker.

       2.      The Bankruptcy Estate's costs in this matter are:

            A.     Filing fee        -      $250.00
            B.     Certified Mail -         15.42
            C.     Statutory fee   -        20.00
                   (28 U.S.C. §1923)
            TOTAL              -      $285.42

3. This bankruptcy case was commenced on June 4, 2009 by the filing of a Chapter 7 petition and the undersigned was appointed to administer the Estate.

4. The defaulting defendants have not denied and therefore are deemed to have admitted the allegations of the Complaint, which are set forth at paragraphs 5-12 hereof.

5. Each Jacob Holdings of Edgewood, LLC ("**JHE**") and Sydney Holdings of Crosslake LLC, ("**Sydney**") are owned by Jacob Properties of Minnesota LLC ("**JPM**"), which is substantially owned or controlled by the Debtor.

6. Neither JHE nor Sydney operate as a business, but simply nominally hold real estate for the benefit of the Debtor.

7. All of the costs of operation for JHE and Sydney were funded by the Debtor, not their own operations.

8. Debtor has testified the purpose of limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

9. Sydney is the owner of record of 34515 Happy Landing Road, Crosslake, MN 56442 (the "**Real Estate**") which is currently listed on the market for $495,000.00.

10. Sydney is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result substantial unfairness to the creditors of this estate.

11. At the first meeting of creditors held on July 15, 2009, Debtor testified, with respect to all of his limited liability companies that, "All of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside"

12. Debtor is simply dealing with his own property through Sydney as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, or defeat strong equitable claims.

13. Pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541, Trustee seeks declaratory relief that (a) the Debtor and Sydney are alter egos and that the assets of Sydney are thereby property of the Debtor; and (b) the corporate fiction of Sydney should be disregarded for purposes of this bankruptcy case.

14. The Trustee realizes that Defendant RiverWood Bank, f/k/a First Federal Savings Bank ("**RiverWood**") alleges that the Debtor and Sydney are not alter egos, so the Trustee requests that the entry of default against Sydney and JPM be without prejudice to RiverWood.

16. Defendant Sydney and JPM have filed no answer, defense, or response of any kind to the Adversary Complaint within the 30 day time period allowed by Rule of Bankruptcy Procedure 7012(a).

15. The Trustee served the Complaint on August 20, 2009, by certified mail and by first-class mail.

16. I request that the Court enter a default judgment against Sydney Holdings of Crosslake LLC and Jacob Properties of Minnesota LLC for the following:

    (a) Defendant Sydney is the alter ego of Debtor Dennis E. Hecker and its corporate fiction should be disregarded.

    (b) That the assets of Sydney are assets of this bankruptcy estate.

    (c) This Order is without prejudice to Defendant RiverWood Bank, f/k/a First Federal Savings Bank.

    (d) Judgment for the Estate's cost of $285.42.

**FURTHER YOUR AFFIANT SAYETH NOT.**

_____
Randall L. Seaver

410399  Subscribed and sworn to
before me this 5th day
of November 2009.



Kari L Fogarty

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:                                                                          BKY No.: 09-50779

Dennis E. Hecker,                                                               Chapter 7

          Debtor.
_____

Randall L. Seaver, Trustee,                                                     Adv. Case No.: 09-5031


          Plaintiff,

vs.

Sydney Holdings of Crosslake LLC, Jacob Properties
of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

          Defendants.
_____

### AFFIDAVIT OF DEFAULT, IDENTIFICATION, MILITARY STATUS AND AMOUNT DUE
_____

STATE OF MINNESOTA   )
                                   ) ss.
COUNTY OF HENNEPIN   )

      Matthew R. Burton, being duly sworn on oath, deposes and says:

      1.    I am one of the attorneys for the Plaintiff in the above-captioned matter, and am authorized to provide legal services to the Plaintiff in this bankruptcy case.

      2.    No response, Answer, or communication of any kind has been received from Defendants Sydney Holdings of Crosslake LLC or Jacob Properties of Minnesota LLC ("**Defendants**") or from any person or entity purporting to act on behalf of Defendants in this Adversary Proceeding.

3. The Certificate of Service filed with the Clerk of the Bankruptcy Court in this matter reflects that the Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first class mail on August 20, 2009.

4. This adversary case was commenced on August 18, 2009.

5. Defendants are not in the military service of the United States, on information and belief, and are not infants or incompetent persons, and said Defendants' last known addresses are:

Sydney Holdings of Crosslake LLC
500 Ford Road
Minneapolis, MN 55426

Jacob Properties of Minnesota LLC
500 Ford Road
Minneapolis, MN 55426

6. Affiant states that he has read the Complaint filed in this action and knows the contents thereof, and that the same is true of his own knowledge and belief, based upon reliable hearsay, and that Defendants are now indebted to the Plaintiff in an amount equal to the value of the Property interest transferred as set forth in the Complaint.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: November 5, 2009

/e/ Matthew R. Burton
_____
Matthew R. Burton

410392

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
_____

In re:                                                                      BKY No.: 09-50779

Dennis E. Hecker,                                                           Chapter 7

        Debtor.
_____

                                                                            Adv. Case No.: 09-5031

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Sydney Holdings of Crosslake LLC, Jacob Properties
Of Minnesota LLC and RiverWood Bank,
f/k/a First Federal Savings Bank,

        Defendants.
_____

## UNSWORN CERTIFICATE OF SERVICE
_____

I hereby certify that on November 5, 2009, I caused the following documents:

> ***Application for Default Judgment, Affidavit on the Merits, Affidavit of Default, Identification, Military Status and Amounts Due, Proposed Findings of Fact, Conclusions of Law, Order for Judgment***

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

Steven R Qualley     steveq@gqlaw.net, squalley@gqlaw.net

I further certify that I caused a copy of the foregoing documents to be mailed by certified and first class mail, postage paid, to the following:

| | |
|---|---|
| Sydney Holdings of Crosslake LLC | Jacob Properties of Minnesota LLC |
| Attn: Officer of Managing Agent | Attn: Officer of Managing Agent |
| 500 Ford Road | 500 Ford Road |
| Minneapolis, MN 55426 | Minneapolis, MN 55426 |

Dated: November 5, 2009                                              /e/ Valerie Rittenbach
                                                                     _____
                                                                     Valerie Rittenbach
                                                                     100 South Fifth Street, Suite 2500
                                                                     Minneapolis, MN  55402
                                                                     (612) 332-1030

412032

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |

_____

| | |
|---|---|
| Randall L. Seaver, Trustee, | Adv. Case No.: 09-5031 |
| Plaintiff, | |
| vs. | |
| Sydney Holdings of Crosslake LLC, Jacob Properties of Minnesota LLC and RiverWood Bank, f/k/a First Federal Savings Bank, | |
| Defendants. | |

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**
_____

This matter came on for hearing before the undersigned on Plaintiff's Application for entry of default judgment against Defendants Sydney Holdings of Crosslake LLC and Jacob Properties of Minnesota LLC ("**Defendants**").

Based upon the proceedings, and all of the files and records in this matter, the Court makes the following:

**FINDINGS OF FACT**

1. Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

4. The Certificate of Service filed with the Clerk of the Bankruptcy Court in this matter reflects that the Summons and Complaint were duly served on Defendants by certified mail, return receipt requested, and by first class mail on August 20, 2009.

5. Defendants have failed to Answer the Summons and Complaint, and have not appeared in this matter in any respect and any Answer or response would now be untimely under Bankruptcy Rules 7012 and 7015.

6. Each Jacob Holdings of Edgewood, LLC ("**JHE**") and Sydney Holdings of Crosslake LLC, ("**Sydney**") are owned by Jacob Properties of Minnesota LLC ("**JPM**"), which is substantially owned or controlled by the Debtor.

7. Neither JHE nor Sydney operate as a business, but simply nominally hold real estate for the benefit of the Debtor.

8. On information and belief, all of the costs of operation for JHE and Sydney were funded by the Debtor, not their own operations.

9. Debtor has testified the purpose of limited liability corporations owned by the Debtor, was to protect assets because of the terms of an antenupital agreement.

10. Sydney is the owner of record of 34515 Happy Landing Road, Crosslake, MN 56442 (the "**Real Estate**") which is currently listed on the market for $495,000.00.

11. Sydney is the alter ego of the Debtor in that it has no business purpose, was supported solely by the Debtor and existed solely to protect assets of the Debtor and, recognizing the separate corporate status would result substantial unfairness to the creditors of this estate.

12. At the first meeting of creditors held on July 15, 2009, Debtor testified, with respect to all of his limited liability companies that, "All of the entities that I own were in LLCs because I had a premarital agreement over the period of time, everything that I acquired would be in the LLCs and my spouse wouldn't be – have any of the upside or any of the downside"

13. Debtor is simply dealing with his own property through Sydney as absolutely as he might deal with it as an individual. As such, applying the corporate fiction would accomplish a fraudulent purpose, operate as a constructive fraud, or defeat strong equitable claims.

14. The mortgage constituting the transfer was not executed by an individual with property authority to affect the Transfer in that the signator, Erik Dove, lacked proper authority to bind Sydney.

## CONCLUSIONS OF LAW

15. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§547, 550 and 551.

16. Defendants Sydney Holdings of Crosslake LLC and Jacob Properties of Minnesota LLC are in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

17. Defendant Sydney is the alter ego of Debtor Dennis E. Hecker and its corporate fiction should be disregarded.

18. Defendant Sydney's assets are property of the bankruptcy estate.

## **ORDER FOR JUDGMENT**

**IT IS HEREBY ORDERED** that the Clerk shall enter an Order and Judgment in favor of the Plaintiff and against Defendant as follows:

1. Defendant Sydney is the alter ego of Debtor Dennis E. Hecker and its corporate fiction should be disregarded.

2. The assets of Defendant Sydney are assets of this bankruptcy estate.

3. This Order is without prejudice to Defendant RiverWood Bank, f/k/a First Federal Savings Bank.


Dated: _____        _____
                                      Robert J. Kressel
                                      United States Bankruptcy Judge
410396